**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **DARBIN P. DUMONCEAUX,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.: 4:12-cv-01014** |
| ) | |
| **TIN, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT II OF
PLAINTIFF'S COMPLAINT**

This matter is before the Court on Defendant's motion to dismiss Count II of Plaintiff's Complaint. In support of this motion, Defendant states as follows:

**I.     PROCEDURAL HISTORY AND STATEMENT OF FACTS**

On April 23, 2012, Plaintiff filed a Complaint in the Circuit Court of St. Louis County, Missouri. Defendant was served with the Summons and Complaint on May 8, 2012. On June 7, 2012, Defendant timely removed the matter to this Court on the basis of diversity of citizenship jurisdiction. See Notice of Removal (Doc. 1). On or about June 7, 2012, Plaintiff re-filed his Complaint in this Court (Doc. 2).

In his Complaint, Plaintiff alleges, in relevant part, that Defendant's Alcohol and Drug Free Workplace policy constitutes an employment contract and that Defendant breached this alleged contract when it terminated his employment following a positive random alcohol test. (Doc. 2 at ¶¶ 38-41). Plaintiff's effort to transform an employee handbook into a contractual agreement fails as a matter of law. Accordingly, Count II of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## II.     LEGAL ARGUMENT AND AUTHORITY

A. Legal Standard For Motions to Dismiss For Failure to State a Claim.

A complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a) by providing a short plain statement of the claim showing that the pleader is entitled to relief, such that the defendant is given 'fair notice of what the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, (2007). The factual allegations must be sufficient to raise the possibility of relief above the "speculative level" assuming that all of the allegations in the complaint are true. Id. "Pleadings which present 'no more than conclusions, are not entitled to the assumption of truth.'" National Benefits Programs, Inc., et al. v. The Reynolds & Reynolds Co., 2010 WL 4671002 *2 (E.D. Mo.). A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

B. Plaintiff's Claim for Breach of Contract (Count II) Must Be Dismissed.

In his Complaint, Plaintiff claims that Defendant's "alcohol policy" constitutes a written employment contract. Plaintiff further claims that Defendant breached the alleged contract when it deviated from its written disciplinary procedures by terminating his employment following a positive alcohol test.

The existence of a contract between the plaintiff and defendant is an essential element of a breach of contract claim. Bancorpsouth Bank v. Hazelwood Logistics Center, LLC., et al., 2011 WL 5900998 *3 (E.D. Mo.). Under Missouri law, "Employer policies unilaterally imposed on at-will employees (i.e. terms and conditions of employment) are not contract enforceable at law." Dearman v. The Dial Corporation, et al., 2010 WL 254929, *4 (E.D. Mo.) (citing Morrow v. Hallmark Cards, Inc., 273 S.W.3d 15, 26 (Mo. Ct. App. 2008)). "It is understood in such

cases that the employer reserves the right to discontinue or modify such policies as it chooses." Johnson v. McDonnell Douglas Corp., 745 S.W. 2d 661, 662 (Mo. Banc 1988). As decided by the Missouri Supreme Court, in Johnson v. McDonnell Douglas Corp, an employer's creation and dissemination of its an employee handbook, is merely a statement of its policies, not a contractual offer of employment. Johnson, 745 S.W.2d at 662. Plaintiff does not deny that it is relying on "a policy" in making its breach of contract claim. On its fact, Plaintiff references Defendant's "policy" for drug and alcohol testing. See Doc.2. Pages 23-27, 37-40.

Moreover, Defendant's handbook states that it was prepared to provide employees with a general understanding of certain policies so that the employee and employer know what are expected of them. The handbook is clear that Defendant's employees are at-will, and the handbook is not a contract of employment or a guarantee of a minimum length of employment. The handbook further makes it clear that Defendant has the right to change, modify, amend or discontinue any of the policies with or without advance notice. As a matter of law, Defendant's handbook and its Alcohol and Drug-Free policy cannot be construed as a contract under the law. Johnson, 745 S.W.2d at 662 (given the general language of the handbook and the employer's power to alter the handbook, a reasonable at will employee could not interpret its distribution as an offer to modify his at will status); Nulsen v. City of Louisiana, Missouri, 751 F.Supp. 153 (E.D. Mo.1990).

Thus, Plaintiff has failed to identify any contract between himself and Defendant and therefore has failed to state a cause upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

### III.  CONCLUSION

Based on the foregoing, Count II of Plaintiff's Complaint should be dismissed with

3

prejudice failure to state a valid cause of action upon which relief can be granted.

                                                Respectfully submitted,

                                                HUSCH BLACKWELL LLP

                                                By: /s/ Gerard K. Rodriguez
                                                        Gerard K. Rodriguez, #33077MO
                                                        190 Carondelet Plaza, Suite 600
                                                        St. Louis, Missouri 63105
                                                        (314) 480-1500 (telephone)
                                                        (314) 480-1505 (facsimile)
                                                        jerry.rodriguez@huschblackwell.com

                                               *Attorneys for TIN, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 14, 2012, a copy of the foregoing **Memorandum in Support of Motion to Dismiss Count II of Plaintiff's Complaint** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                    /s/ Gerard K. Rodriguez