UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARBIN DUMONCEUAX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1014 CDP |
| ) | |
| TIN, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Darbin Dumonceuax originally filed this lawsuit in the Circuit Court of St. Louis County, Missouri.  Count I alleges employment discrimination based on his disability.  Count II alleges breach of an employment contract. Defendant TIN, Inc. removed the case to this Court, then it moved to dismiss Count II.  I will grant TIN's motion to dismiss Count II because Dumonceaux failed to allege the existence of an employment contract under Missouri law.

### Legal Standard

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6).  The purpose of such a motion is to test the legal sufficiency of the complaint.  A complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  When considering a 12(b)(6) motion, the court should assume all factual allegations of a complaint are true and

construe them in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  While the complaint need not contain detailed factual allegations, the plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  As such, a complaint will not suffice if it contains naked assertions devoid of factual enhancements.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1944 (2008).

## Discussion

Dumonceaux alleges that he was suspended and then terminated after an alcohol test showed he had a blood alcohol content of 0.03 percent.  He claims that TIN had a policy that persons testing positive, but below the 0.08 percent legal limit, would be referred to the Employee Assistance Program and not terminated.  He claims that the policy and his reliance on that policy constituted "formation of an employment contract."  Defendant seeks dismissal of the breach of contract claim, arguing that a policy set out in an employee handbook is not a contract under Missouri law.

Missouri is an at-will employment law state.  *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988).  As such, under Missouri law, absent a contract for employment or a constitutional or statutory provision, an employee may be discharged at any time, with or without cause.  *Scott v. Mo.*

*Valley Physicians, P.C.*, 460 F.3d 968, 970 (8th Cir. 2006).  "As a matter of law, the discharged at-will employee has no cause of action for wrongful discharge." *Frevert v. Ford Motor Co.*, 614 F.3d 466, 470-71 (8th Cir. 2010) (quoting *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 91 (Mo. 2010) (en banc)). The at-will employment doctrine does not act to bar the formation of an employment contract, *see, e.g., Bravman v. Bassett Furniture Indus., Inc.*, 552 F.2d 90, 92 (3d Cir. 1977); Richard A. Epstein, *In Defense of the Contract at-will*, 51 U. Chi. L. Rev. 947, 951 (1984); but, where, as here, the claimant alleges breach of contract, he is required to plead and eventually prove the essential elements of a valid contract, *Johnson*, 745 S.W.2d at 662.  Those elements include an offer, acceptance, and bargained for consideration.  *Id.*  An employer's offer to modify an employee's at-will status must be clear and definite.  *Id.*

The unilateral act of an employer in publishing a handbook or establishing a policy is not a contractual offer to its employees.  *Id.*; *see also Schoedinger v. United Health Care of the Midwest*, 557 F.3d 872, 875 (8th Cir. 2009); *West Central Mo. Reg'l. Lodge No. 50 v. Bd. of Police Comm'rs. of Kansas City*, 939 S.W.2d 567-68 (Mo. Ct. App. 1997) (collecting cases and holding that "the rule established in *Johnson v. McDonnell Douglas* can extend beyond the boundaries of wrongful discharge.").  "Employer policies unilaterally imposed on at-will employees (i.e., terms and conditions of employment) are not contracts

enforceable at law." *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 26 (Mo. Ct. App. 2008) (citing *Johnson*, 745 S.W.2d at 662). "[T]he only legally enforceable promise created out of at-will employment is the employer's promise, whether express or implied, to pay the employee for the work performed by the employee." *Morrow*, 273 S.W.3d at 25.

Dumonceuax has failed to allege any facts that make it plausible that the written alcohol policy in TIN's employee handbook constituted a clear and definite employment contract. The Complaint alleges that TIN published a written alcohol testing policy containing particularized disciplinary provisions and that Dumonceuax's work for TIN in reliance on that policy constituted "formation of an employment contract." Again, the typical rule in Missouri is that the mere publishing of an employee handbook does not constitute an offer. *Johnson*, 745 S.W.2d at 662. Further, continued employment in an employment at-will setting does not constitute legal consideration. *Morrow*, 273 S.W.3d at 25. Nothing in the Complaint plausibly demonstrates how the publishing of the alcohol testing policy in the handbook might constitute an offer in this case or how Dumonceuax's work might be considered consideration despite the case law. Dumonceuax has failed to state a breach of contract claim upon which relief might be granted, and so Count II of Dumonceuax's Complaint fails as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count II of the Complaint [#6] is granted.  Count I is not affected by this Order, and this case will be set for a Rule 16 Scheduling Conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2012.